IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN HERD and GLORIA HERD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-4284-VC-C-NKL |
| ) | |
| AMERICAN SECURITY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

Plaintiffs John and Gloria Herd (the "Herds") originally filed this contract dispute against Defendant American Security Insurance Company ("American") in Cole County Circuit Court in Jefferson City, Missouri. Pursuant to 28 U.S.C. §§ 1332 and 1446, American removed the case to this Court and subsequently moved to transfer venue to the Southern Division of the Western District. Citing Local Rule 3.2(b)(3)[1] in their Motion to Transfer to Appropriate Division [Doc. # 3], American originally argued that venue was not proper in the Central Division because American is not a resident of Missouri and the Herds reside in (and the property in question is situated in) the Southern Division.

---

[1] "If none of the defendants is a resident of the Western District of Missouri, the action hall be filed in the division where at least one plaintiff resides or where the claim for relief arose."

1

In their Suggestions in Opposition, the Herds noted correctly that Local Rule 3.2(b)(3) is inapplicable to removal cases, which may only be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. *See also London v. Board of Governors of Missouri State University,* 2006 WL 3691266, *1 (W.D. Mo. 2006) ("Local Rule 3.2(b)(2) . . . does not apply to causes of action removed from the state court. Section 1441(a) governs venue in those cases and the local rules cannot contradict an express provision of Congress. Local Rule 3.2(b)(2), which deals only with proper venue for cases filed initially in federal court, does not require that this action be transferred to the Southern Division.").

Evidently conceding that venue is and has always been proper in the Central Division, American attempts for the first time in its Reply to restyle its motion as one for change of venue "for the convenience of the parties" under 42 U.S.C. § 1404(a). Ordinarily, Courts do not consider issues raised for the first time in a reply brief. *Martin v. Am. Airlines, Inc.*, 390 F.3d 601, 609 (8th Cir. 2004); *Johnson v. Berry*, 171 F. Supp. 2d 985, 988 (E.D. Mo. 2001) ("The Court does not consider an alternative argument raised by defendants for the first time in their reply brief."). As the Herds have not had an opportunity to respond to American's newly raised argument, the Motion to Transfer is DENIED.

IT IS SO ORDERED.

                                                                    s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 22, 2007
Jefferson City, Missouri