IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN HERD and GLORIA HERD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-4284-CV-C-NKL |
| ) | |
| AMERICAN SECURITY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiffs John and Gloria Herd (the "Herds") sued Defendant American Security Insurance Company ("American") in the Circuit Court of Cole County, Missouri, for breach of an insurance contract. American subsequently removed the case to this Court under 28 U.S.C. § 1332 and § 1446. American moves, under 42 U.S.C. § 1404(a), to transfer venue to the Southern Division of the Western District of Missouri [Doc. # 97], which this Court now denies.

**I.     Background**

This is the second motion to transfer venue filed by American, the first being denied on February 22, 2007 [Doc. # 20]. There, American argued, based on Local Rule 3.2(b)(3), that venue was not proper in the Central Division because American is not a resident of Missouri and the Herds reside in (and the property in question is situated in) the Southern Division. The Court rejected this argument, explaining Local Rule 3.2(b)(3) does not apply because 28 U.S.C. § 1441 requires cases to be removed "to the district court of the United States for the district and division embracing the place which such action is pending." Order

1

at 2.  The Court then explained, "Evidently conceding that venue is and has always been proper in the Central Division, American attempts for the first time in its Reply to restyle its motion as one for change of venue 'for convenience of the parties' under 42 U.S.C. § 1404(a)."  Order at 2.  This restyled motion was denied because the Court refused to consider an issue raised for the first time in a reply brief.  Order at 2 (citing *Martin v. Am. Airlines, Inc.*, 390 F.3d 601, 609 (8th Cir. 2004)).  Eight months after the Court refused to consider its restyled motion, American filed another motion to transfer venue under § 1404(a).  American then requested leave to file a supplemental reply, which was granted on November 30, 2007.

## II. Discussion

Under 28 U.S.C. § 1404(a), the Court may transfer a civil action to any district or division where it might have been brought if such transfer furthers the interest of justice or is more convenient for the parties or witnesses.  *See London v. Bd. of Governors of Mo. State Univ.*, No. 05-4417, 2006 WL 3691266, at *1 (W.D. Mo. Dec. 12, 2006).  Federal courts, however, give considerable deference to the plaintiff's choice of forum.  *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).  In this case, American bears the burden of proving that a transfer is warranted, which it must do by clearly showing that the balance of the interests weighs in its favor.  *See id.*; *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985).  In determining a motion to transfer, "the court may consider a myriad of factors, including the convenience of the parties, the convenience of the witnesses, the availability of judicial process to compel the attendance of unwilling

2

witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and practical considerations indicating where the case can be tried more expeditiously and inexpensively." *Houk*, 613 F. Supp. at 927. The trial court has discretion in deciding whether to grant or deny a change of venue. *See Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985).

American cannot make a clear showing that the balance of interests weighs in its favor. Summary judgment motions have already been filed and trial is scheduled for March 10, 2008. Transferring the case now would result in considerable delay and prejudice to plaintiffs. Moreover, American cannot claim that the Southern Division is more convenient for it because it is an out-of-state insurance company, and its attorneys are from Kansas City. American also asserts that because none of the proposed witnesses live within 100 miles of Jefferson City, it would be precluded from subpoenaing any of the witnesses. American is simply wrong on the law regarding this point. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii) ("[T]he person [who is neither a party nor a party's officer] may be commanded to attend a trial by traveling from any such place within the state where the trial is held . . . ."). Both parties acknowledge that Missouri law governs this case, regardless of division.

Aside from the witnesses, American maintains that all the documents or sources of proof are located in the Southern Division. However, this case involves a contractual dispute; the main sources of proof will necessarily be documentation, which, in fact, the parties have already submitted to this Court as part of their summary judgment motions. The

fact that the subject property is located in the Southern Division has no bearing on the relative ease of access to documents and sources of proof in this case.

Finally, American maintains that the Southern Division would be more convenient for the witnesses. It is true that many of the witnesses are from the Springfield area, and the Herds appear to admit that only one potential witness lives in the Central Division. However, based on American's actions, it is difficult to determine whether it is actually concerned with the witnesses' convenience. American made the same argument regarding convenience of the witnesses in its original motion to transfer reply, which it filed almost a year ago on January 29, 2007 [Doc. # 15]. After the Court denied American's motion as improper on February 22, 2007, American did not refile its section 1404(a) motion to transfer venue until October 19, 2007. American has not explained this delay. As a result, the Court finds this factor less persuasive.

Therefore, considering all of the factors, the Court holds that American has not met its burden of clearly showing that the balance of interests weighs in its favor. Because summary judgment motions have been filed and trial is two months away, transfer would cause considerable delay and prejudice. Further, at this point, practical considerations indicate that the case can be tried more expeditiously and inexpensively in the Central Division. The Court exercises its discretion and declines to transfer venue to the Southern Division.

### III. Conclusion

Accordingly, it is hereby

4

ORDERED that Defendant American Security Insurance Company's Motion to Transfer Pursuant to 28 U.S.C. § 1404 [Doc. # 97] is DENIED.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated:   January 8, 2008  
Jefferson City, Missouri