IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN HERD and GLORIA HERD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-4284-CV-C-NKL |
| ) | |
| AMERICAN SECURITY INS. CO., ) | |
| ) | |
| Defendant. ) | |

ORDER

On February 19, 2008, the Court granted Plaintiffs John and Gloria Herd ("the Herds") summary judgment on Defendant American Security Insurance Company's ("ASIC") affirmative defenses 13 and 14. Before the Court are Plaintiffs' Motion for Attorney's Fees and Expenses [Doc. # 177] and Defendant's Motion for Costs Pursuant to Rule 54(d) [Doc. # 176]. The Court grants Plaintiffs' motion, in part, and stays its decision on Defendant's motion.

**I.    Plaintiffs' Attorney's Fees**

On August 1, 2007, Defense Attorney Joseph L. Van Ackeren requested leave to amend Defendant's answer–well after the deadline for such amendments–to add the affirmative defenses of unclean hands (affirmative defense 13) and misrepresentation (affirmative defense 14). At a hearing on September 7, 2007, the Court explained to Attorney Van Ackeren that it was concerned that Defendants could not prevail on such

1

defenses, given the facts and the case law known to the Court at the time. However, at the insistence of Attorney Van Ackeren, the Court "permit[ted] the defendant to amend its answer with the understanding that the Court may impose sanctions if it turns out as a matter of law summary judgment will be entered against [ASIC] on the issue of unclean hands, concealment, misrepresentation or fraud." Despite this warning, Attorney Van Ackeren filed an amended answer adding affirmative defenses 13 and 14.

In its February 19 Order, the Court explained that under Missouri law, unclean hands (an equitable defense) does not bar a claim for money damages. *See Union Elec. Co. v. Sw. Bell Tel. L.P.*, 378 F.3d 781, 788 (8th Cir. 2004) (citing *Marvin E. Nieberg Real Estate Co. v. Taylor-Morely-Simon, Inc.*, 867 S.W.2d 618, 626 (Mo. App. 1993)). This point is so elementary, any good faith effort by Attorney Van Ackeren would have shown that, under the facts of this case, there was no basis for the defense. Yet, Attorney Van Ackeren pressed on, causing Plaintiffs to incur additional expenses and costs. This also applies to Defendant's misrepresentation defense (affirmative defense 14), where there was no evidence that the Herds knew about ASIC prior to the fire, let alone made any representations to ASIC upon which they intended ASIC to act. A minimal amount of effort by Attorney Van Ackeren in researching the case law and facts would have revealed these defenses were frivolous, and would have avoided unnecessarily wasting Plaintiffs' and this Court's time. As a result, the Court sanctioned Attorney Van Ackeren and ordered Plaintiffs to submit a list of their expenses in responding to affirmative defenses 13 and 14. *See* Feb. 19, 2008, Order at 18.

2

The Court has inherent authority to sanction parties by imposing attorney's fees. *See Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006). "[A]n award of attorneys' fees is permissible under a court's inherent powers as long as the person being sanctioned has demonstrated bad faith." *Id.* (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67 (1980)). Attorney Van Ackeren's conduct in this case, as explained above, demonstrates special circumstances justifying an award of attorney's fees. *See Kelly v. Golden*, 352 F.3d 344, 352 (8th Cir. 2003) ("Missouri recognizes a 'special circumstances' exception to the American Rule in situations in which a party has engaged in intentional misconduct."). Specifically, Attorney Van Ackeren did little to no research into the affirmative defenses and ignored the Court's suggestion that he do so before amending Defendant's answer. The result of Attorney Van Ackeren's intentional refusal to properly research these defenses prior to amending Defendant's answer out-of-time was to cause Plaintiffs to incur additional and significant legal fees. Attorney Van Ackeren acted in bad faith when he amended the answer.[1]

---

[1] Attorney Van Ackeren does not contest that he should be sanctioned, but instead cites In re *Kujawa*, 270 F.3d 578, 582 (8th Cir. 2001), for the proposition that a court abuses its discretion by awarding attorney's fees that were not directly related to the offense and are for legal work that likely would have occurred even without the offense. As the Court explains, however, the fees incurred were directly related to Attorney Van Ackeren's decision to amend the answer to include the unsupported affirmative defenses. Further, the Court disagrees that the same evidence used to defend the mutual mistake defense is relevant to the unclean hands and misrepresentation defenses. Because Plaintiffs were forced to address different elements as to each defense, it cannot be said that the evidence required was the same. To the extent that there was some overlap, though, the Court has appropriately reduced Plaintiffs' claimed time.

3

That being said, the total amount of fees and costs requested by Plaintiffs is unsupported by the record and logic. Plaintiffs' summary judgment brief contained four pages combined (out of 24) on affirmative defenses 13 and 14, and cited only three cases for support. Plaintiffs' reply brief also contained four pages, with only two case law citations (at least one of which was also included in the original motion). Plaintiffs' response to ASIC's summary judgment motion included only two pages combined, with previously cited case law, on the subject of unclean hands and misrepresentation. Substantively, Plaintiffs reiterated many of the same arguments throughout each brief. Yet, Plaintiffs' counsel claims he spent a total of 65 hours "preparing" and "filing" these succinct (and ultimately persuasive) responses. Plaintiffs allege similarly lengthy time was spent on other aspects of the case related to the affirmative defenses, such as depositions, all without supporting documents. All told, Plaintiffs request $28,506.00 in costs and fees related to defeating affirmative defenses 13 and 14, even though ASIC's answer was amended only last September. The Court rejects this request. Because the law on these defenses is so clear, very little time would be needed to find that case law and prepare the motion for summary judgment on the two defenses.

The Court, in its discretion, awards Plaintiffs $4,000.00 in fees, which Attorney Van Ackeren, and not his client, is required to pay. The Court arrives at this figure by estimating that Plaintiffs' counsel could have done the research and prepared the motion for summary judgment on these two defenses in 20 hours. A reasonable hourly rate for the work in the Springfield area is $200 per hour. Finally, the Court disallowed Plaintiffs' "deposition

4

expenses" as the Court's inherent power only extends to attorney's fees.[2] *See United States v. Gonzalez-Lopez*, 403 F.3d 558, 564 (8th Cir. 2005) ("This inherent power is similar to the court's other powers to impose sanctions, but it is both broader in that it may reach more litigation abuses and narrower in that it may only be for attorney's fees.").

## II. Defendant's Rule 54(d) Motion

Under Federal Rule of Civil Procedure 54(d), "costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). But according to Local Rule 83.2(a), "[i]f an appeal is filed following the filing of a verified bill of costs, the taxing of such costs shall be suspended until the issuance of the mandate by the Court of Appeals." Defendant filed its verified bill of costs on March 3, 2008. Plaintiffs filed their notice of appeal on March 18 and Defendant filed its notice of cross appeal on April 4. Because an appeal was filed following the filing of Defendant's verified bill of costs, the taxing of any costs is stayed pending the issuance of the Court of Appeals' mandate.

## III. Conclusion

Accordingly, it is hereby

---

[2] The "deposition expenses" are apparently separate from the time spent preparing for and attending the depositions, which was included in the "attorney time" section. Because all of the witnesses deposed also had testimony relevant to other issues in the case, and also because Plaintiffs failed to provide any explanation of what these "deposition expenses" are, it would be unfair to shift these costs to Attorney Van Ackeren. In any event, Plaintiffs are fairly compensated for the depositions to the extent they relate to affirmative defenses 13 and 14 because the time spent preparing for and attending those depositions is included under the "attorney time" section.

5

ORDERED that Plaintiffs John and Gloria Herd's Motion for Attorney's Fees [Doc. # 177] is GRANTED, in part, and DENIED, in part. Attorney Joseph L. Van Ackeren must pay attorney's fees to Plaintiffs in the amount of $4,000.00 within 15 days of the issuance of this Order. It is further

ORDERED that Defendant ASIC's Motion for Costs Pursuant to Rule 54(d) [Doc. # 176] is STAYED pending issuance of the mandate by the Eighth Circuit Court of Appeals, in accordance with Western District Local Rule 83.2(a).

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 9, 2008
Jefferson City, Missouri